## HUFFMAN MINING AND MANUFACTURING COMPANY *v.* GEORGIA AND ALABAMA MINING COMPANY.

The evidence demanded a finding for the plaintiff for the amount of the verdict returned, and it was not error for the judge of the trial court to direct accordingly.

Argued November 18, — Decided December 11, 1902.

Attachment. Before Judge Janes. Polk superior court. July 10, 1902.

*Fouché & Fouché* and *Sanders & Davis*, for plaintiff in error.
*Bunn & Trawick*, contra.

CANDLER, J. Both the plaintiff and the defendant in the court below are Alabama corporations. The plaintiff, on the ground of the non-residence of the defendant, sued out an attachment against it, which was levied on property of the defendant in Polk county, the cause of action being an alleged debt for the purchase-price of a boiler and pump sold by the plaintiff to the defendant. The defendant in its answer admitted having bought the pump and boiler from the plaintiff, but denied that the plaintiff had a right of ac-

tion against it, averring that the plaintiff had not given, and could not give, any title to the property. It appears that, prior to the time of the sale by the plaintiff to the defendant of the boiler and pump, the plaintiff company had executed a deed of trust to the Birmingham Trust and Savings Company, conveying all its property, real and personal, to secure bonds which had been given by it to one Lopez. The deed of trust contained a provision that none of the property owned by the plaintiff could be sold by it without the written consent of the trustee, which was not obtained when the pump and boiler were sold to the defendant. After the sale of the pump and boiler, and before the suing out of the attachment, the plaintiff company became insolvent, and the Birmingham Trust and Savings Company, acting under a power of sale contained in the deed of trust to it, advertised for sale all of the property, real and personal, belonging to the plaintiff. In the advertisement no exception was made of the boiler and pump previously sold to the defendant. When the property was sold, however, it appears that at the request of Lopez, and with the consent and acquiescence of a representative of the trustee, public announcement was made that the property previously sold to the defendant was not included in that to be sold under the deed of trust. On the trial in the court below, the purchaser who bought at the sale under the deed of trust testified that he had never claimed, and did not then claim, the property the purchase-price of which was the subject of the attachment, and offered "to give any sort of release that may be necessary to protect the title." At the conclusion of the evidence the court, on motion of counsel, directed a verdict for the plaintiff for the proved and admitted unpaid balance of the purchase-price. The defendant excepted.

From the above statement there can be no question that the direction of a verdict by the court below was correct. The consent to and ratification of the sale of the pump and boiler by every one who could possibly set up an adverse title swept away the entire structure of the defense set up, and any other verdict than the one directed by the court would have been manifest error requiring the grant of a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*